# COMMONWEALTH OF MASSACHUSETTS
## Docket Report

**1876CV00116 Tool, Kristen et al vs. Williams College**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 05/02/2018 |
| **ACTION CODE:** | B99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Tortious Action | | |
| **CASE DISPOSITION DATE** | 08/23/2018 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 08/23/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 07/31/2018 | 08/23/2018 |
| Answer | 08/30/2018 | 08/23/2018 |
| Rule 12/19/20 Served By | 08/30/2018 | 08/23/2018 |
| Rule 15 Served By | 08/30/2018 | 08/23/2018 |
| Rule 12/19/20 Filed By | 10/01/2018 | 08/23/2018 |
| Rule 15 Filed By | 10/01/2018 | 08/23/2018 |
| Rule 12/19/20 Heard By | 10/29/2018 | 08/23/2018 |
| Rule 15 Heard By | 10/29/2018 | 08/23/2018 |
| Discovery | 02/26/2019 | 08/23/2018 |
| Rule 56 Served By | 03/28/2019 | 08/23/2018 |
| Rule 56 Filed By | 04/29/2019 | 08/23/2018 |
| Final Pre-Trial Conference | 08/26/2019 | 08/23/2018 |
| Judgment | 05/01/2020 | 08/23/2018 |

## PARTIES

| | |
|---|---|
| **Plaintiff**<br>Shippee, Shana | **Private Counsel**<br>Benjamin K Steffans<br>Steffans Legal LLC<br>Steffans Legal LLC<br>7 North St<br>Suite 307<br>Pittsfield, MA 01201<br>Work Phone (413) 418-4176<br>Added Date: 05/02/2018 |

| Plaintiff | Private Counsel | 568535 |
|---|---|---|
| Tool,  Kristen | Benjamin K Steffans | |
| | Steffans Legal LLC | |
| | Steffans Legal LLC | |
| | 7 North St | |
| | Suite 307 | |
| | Pittsfield, MA 01201 | |
| | Work Phone (413) 418-4176 | |
| | Added Date: 05/02/2018 | |
| **Defendant** | **Private Counsel** | **554980** |
| Williams College | Daryl J Lapp | |
| | Locke Lord LLP | |
| | Locke Lord LLP | |
| | 111  Huntington Ave | |
| | Prudential Center | |
| | Boston, MA 02199-7613 | |
| | Work Phone (617) 239-0174 | |
| | Added Date: 07/30/2018 | |

## FINANCIAL SUMMARY

| | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |



## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 05/02/2018 | | Attorney appearance<br>On this date Benjamin K Steffans, Esq. added as Private Counsel for Plaintiff Kristen Tool | |
| 05/02/2018 | | Attorney appearance<br>On this date Benjamin K Steffans, Esq. added as Private Counsel for Plaintiff Shana Shippee | |
| 05/02/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 05/02/2018 | |
| 05/02/2018 | 1 | Original civil complaint filed. | |
| 05/02/2018 | 2 | Civil action cover sheet filed. | |
| 05/02/2018 | | Demand for jury trial entered.<br><br>Applies To : Steffans, Esq., Benjamin K (Attorney) on behalf of Shippee, Shana, Tool, Kristen (Plaintiff) | |
| 07/12/2018 | | General correspondence regarding a request of the civil Complaint and civil action cover sheet. Copies mailed out on 7/13/18. | |
| 07/27/2018 | 3 | Civil action cover sheet filed. Amended complaint and jury demand | |
| 07/27/2018 | 4 | Amended: amended complaint filed by Kristen Tool | |
| 07/30/2018 | | Attorney appearance<br>On this date Daryl J Lapp, Esq. added as Private Counsel for Defendant Williams College | |
| 07/30/2018 | 5 | Service Returned for<br>Defendant Williams College: Service accepted by counsel; Attorney Daryl J. Lamp, filed. | |
| 08/23/2018 | 6 | Notice of Removal to the United States District Court filed by<br><br>Applies To : Lapp, Esq., Daryl J (Attorney) on behalf of Williams College (Defendant)<br><br>Certified copies of case file mailed to Attorney Daryl J. Lapp. | |
| 08/23/2018 | | Case transferred to another court. | |

(2)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>1876CV00116 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Kristen Tool, Shana Shippee | COUNTY<br>Berkshire |
|---|---|
| ADDRESS: | |
| Kristen Tool - 50 Olsen Road, Lanesborough, Massachusetts, 01237 | DEFENDANT(S): Williams College |
| Shana Shippee - 212 Church Street, North Adams, Massachusetts, 01247 | |
| ATTORNEY: Benjamin K. Steffans | |
| ADDRESS: Steffans Legal | ADDRESS: 880 Main Street, Hopkins 3rd Floor, Williamstown, Massachusetts, 0126 |
| 7 North St Suite 307, Pittsfield, MA 01201 | |
| BBO: 568535 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Unpaid Wages, Retaliation | F | [X] YES   [ ] NO |

*If "Other" please describe: _____

THE COMMONWEALTH OF MASSACH...
BERKSHIRE S.S. SUPERIOR COURT

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

F
I
L
E
D

MAY 02 2018

*Deborah Shapeau*

F
I
L
E
D

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................ $ _____
2. Total doctor expenses .............................................................. $ _____
3. Total chiropractic expenses ...................................................... $ _____
4. Total physical therapy expenses ............................................... $ _____
5. Total other expenses (describe below) ....................................... $ _____

Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................. $ 75000
C. Documented property damages to dated ................................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses .............................. $ _____
E. Reasonably anticipated lost wages ......................................................................... $ 25000
F. Other documented items of damages (describe below) ........................................... $ 25000
Emotional distress associated with retaliation.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ 125000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _Bn h Steffans_     Date: 5/2/18

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Bn h Steffans_     Date: 5/2/18

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (A) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE

SUPERIOR COURT DEPARTMENT
CASE NO.: 1876CV00116

KRISTEN TOOL AND SHANA
SHIPPEE,

                   Plaintiffs,

    v.

WILLIAMS COLLEGE,

                   Defendant.



THE COMMONWEALTH OF MASSACH...
BERKSHIRE S.S. SUPERIOR COURT

F I L E D

**MAY 02 2019**

F I L E D

## COMPLAINT AND JURY DEMAND

Kristen Tool and Shana Shippee (collectively, "Plaintiffs") bring this complaint against Williams College for violations of the Massachusetts Wage Act, including failure to pay wages and improperly eliminating leave time.

## PARTIES

1.    Kristen Tool is a Massachusetts resident residing at 50 Olsen Road, Lanesborough, Massachusetts, 01237.

2.    Shana Shippee is a Massachusetts resident residing at 212 Church Street, North Adams, Massachusetts, 01247.

3.    Williams College is a Massachusetts college with a principal place of business located at 880 Main Street, Hopkins 3rd Floor, Williamstown, Massachusetts, 01267.

## FACTS

4.    Williams College owns and operates the Williams College Children's Center located at 44 Whitman Street, Williamstown, Massachusetts, 01267.

1

5.     During all relevant times, Kristen Tool and Shana Shippee have worked at the Williams College Children's Center.

6.     Prior to 2016, Williams College misclassified Ms. Tool and Ms. Shippee as exempt from state and federal laws requiring employers to pay overtime.

7.     During that period, Ms. Tool and Ms. Shippee worked in excess of 40 hours in a workweek and were not compensated for that time.

8.     In or around December 2016, Williams College re-classified Ms. Tool and Ms. Shippee as non-exempt employees.

9.     At that same time, Ms. Tool and Ms. Shippee had accrued the right to leave time, which Williams College eliminated without notice.

10.    Since being reclassified as non-exempt, Ms. Tool and Ms. Shippee have not been paid for all hours worked, having to work considerable hours off the clock, but with Williams College's knowledge, to, among other things, meet performance standards and deadlines.

11.    During the course of her employment, Ms. Tool has complained to Williams College about its unlawful payment practices.

12.    Williams College has retaliated against Ms. Tool, in whole or in part, due to that protected activity.

## COUNT 1- VIOLATIONS OF MASSACHUSETTS WAGE ACT – UNPAID WAGES
### (Both Plaintiffs v. Williams College)

13.    Plaintiffs incorporate their previous allegations by reference.

14.    Defendant was an "employer" of Plaintiffs within the meaning of the Massachusetts Wage Act ("MWA").

15.    Defendant failed to pay Plaintiffs for all hours worked in violation of the MWA, including those in excess of forty in a workweek.

16.    Defendant's failure to pay Plaintiffs for all hours violated the MWA.

2

17.     Due to the Defendant's violation of the MWA, Plaintiffs have incurred harm and

loss and are entitled to recover from Defendant unpaid overtime mandatorily trebled, reasonable

attorneys' fees, costs of the action, and pre-judgment and post judgment interest.

COUNT 2 –MASSACHUSETTS WAGE ACT – RETALIATION
(Ms. Tool v. Williams College)

18.     Plaintiffs incorporate their previous allegations by reference.

19.     Ms. Tool engaged in protected activity by complaining to Williams College about

payment practices she felt violated the Massachusetts Wage Act.

20.     Williams College has retaliated against Ms. Tool, in whole or in part, because she

engaged in that protected activity.

21.     Ms. Tool has been damaged as a result of Williams College's retaliatory conduct.

REQUEST FOR RELIEF

Wherefore, Plaintiffs Kristen Tool and Shana Shippee respectfully request this Court to
enter an order granting them compensation to which they are entitled including, but not limited to,
(1) a triple measure of denied wages, (2) attorneys' fees, (3) interest, (4) costs, (5) emotional distress
damages, and (6) punitive damages.

Respectfully submitted,

Benjamin Knox Steffans (BBO# 568535)
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
Attorney for Kristen Tool and Shana Shippee
May 2, 2018

3

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1876CV00116 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Kristen Tool et al vs. Williams College | Deborah S. Capeless, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Berkshire County Superior Court 76 East Street Pittsfield, MA 01201 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/31/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 08/30/2018 | |
| All motions under MRCP 12, 19, and 20 | 08/30/2018 | 10/01/2018 | 10/29/2018 |
| All motions under MRCP 15 | 08/30/2018 | 10/01/2018 | 10/29/2018 |
| All discovery requests **and depositions** served and non-expert despositions completed | 02/26/2019 | | |
| All motions under MRCP 56 | 03/28/2019 | 04/29/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/26/2019 |
| Case shall be resolved and judgment shall issue by | | | 05/01/2020 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/03/2018 | ASSISTANT CLERK | PHONE |
|---|---|---|

**Vanita Mistry**

D: 413.418.4176 F: 413.418.4174
vmistry@steffanslegal.com



May 2, 2018

<u>Via Hand Delivery</u>
Berkshire County Superior Court
76 East Street,
Pittsfield, MA 01201

      Re:    Kristen Tool and Shana Shippee v. Williams College Children's Center
              Documents for Filing

Dear Clerk:

Enclosed for filing are a complaint and a civil action cover sheet for the above-titled matter.

Sincerely,

Vanita Mistry
Enclosures

(3)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1876CV00116 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | KRISTEN TOOL, SHANA SHIPPEE | COUNTY Berkshire |
|---|---|---|

**ADDRESS:**

KRISTEN TOOL - 50 OLSEN ROAD, LANESBOROUGH, MASSACHUSETTS 01237

SHANA SHIPPEE - 212 CHURCH STREET, NORTH ADAMS, MASSACHUSETTS 01247

**DEFENDANT(S):** WILLIAMS COLLEGE

**ATTORNEY:** BENJAMIN K. STEFFANS

**ADDRESS:** STEFFANS LEGAL

7 NORTH STREET, SUITE 307

PITTSFIELD, MASSACHUSETTS 01201

**ADDRESS:** 880 MAIN STREET, HOPKINS 3RD FLOOR

WILLIAMSTOWN, MASSACHUSETTS 01267

**BBO:** 568535

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | UNPAID WAGES, RETALIATION | F | ☒ YES  ☐ NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

FILED

JUL 27 2018

*Deborah Capeless*

A. Documented medical expenses to date:
1. Total hospital expenses .......................................... $
2. Total doctor expenses ............................................. $
3. Total chiropractic expenses ..................................... $
4. Total physical therapy expenses .............................. $
5. Total other expenses (describe below) ....................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ............... $ 75000
C. Documented property damages to dated ........................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ............................... $ 125000
F. Other documented items of damages (describe below) .......... $ 125000
Emotional distress associated with retaliation

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ 325000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

**Signature of Attorney/Pro Se Plaintiff:** X _Ben K Steffans_   **Date:** 7/22/18

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X _Ben K Steffans_   **Date:** 7/27/18

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference In Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149 §§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L.c.6 §178M (X)
E27 Minor Seeking Consent, G.L.c.112 §12S (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

(4.)

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE

SUPERIOR COURT DEPARTMENT
CASE NO.: 1876-cv-00116

KRISTEN TOOL AND SHANA
SHIPPEE,

                Plaintiffs,

v.

WILLIAMS COLLEGE,

                Defendant.



COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT
FILED

JUL 27 2018

FILED

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Kristen Tool and Shana Shippee (collectively, "Plaintiffs") bring this complaint against

Williams College for violations of the Massachusetts Wage Act and the Fair Labor Standards Act.

## PARTIES

1.      Kristen Tool is a Massachusetts resident residing at 50 Olsen Road, Lanesborough,

Massachusetts, 01237.

2.      Shana Shippee is a Massachusetts resident residing at 212 Church Street, North

Adams, Massachusetts, 01247.

3.      Williams College is a Massachusetts college with a principal place of business located

at 880 Main Street, Hopkins 3rd Floor, Williamstown, Massachusetts, 01267.

## FACTS

4.      Williams College owns and operates the Williams College Children's Center located

at 44 Whitman Street, Williamstown, Massachusetts, 01267.

5.      During all relevant times, Kristen Tool and Shana Shippee have worked at the

Williams College Children's Center.

1

6.      Prior to December 2016, Williams College misclassified Ms. Tool and Ms. Shippee as exempt from state and federal laws requiring employers to pay overtime.

7.      During that period, Ms. Tool and Ms. Shippee worked in excess of 40 hours in a workweek and were not compensated for that time.

8.      In or around December 2016, Williams College re-classified Ms. Tool and Ms. Shippee as non-exempt employees.

9.      Since being reclassified as non-exempt, Ms. Tool and Ms. Shippee have not been paid for all hours worked.

10.     During the course of her employment, Ms. Tool has complained to Williams College about its unlawful payment practices, including the failure to pay for all hours worked.

11.     Williams College has retaliated against Ms. Tool, in whole or in part, due to that protected activity.

12.     During the course of her employment, Ms. Shippee has complained to Williams College about its unlawful payment practices, including the failure to pay for all hours worked.

13.     Williams College has retaliated against Ms. Shippee, in whole or in part, due to that protected activity.

COUNT 1- VIOLATIONS OF M.G.L. ch. 149 § 148 – UNPAID WAGES
(Both Plaintiffs v. Williams College)

14.     Plaintiffs incorporate their previous allegations by reference.

15.     Defendant was an "employer" of Plaintiffs within the meaning of the Massachusetts Wage Act ("MWA").

16.     Defendant failed to pay Plaintiffs for all hours worked in violation of the MWA, including those worked over 40 in a workweek.

17.     Defendant's failure to pay Plaintiffs for all hours worked violated the MWA.

18.     Due to the Defendant's violation of the MWA, Plaintiffs have incurred harm and loss and are entitled to recover from Defendant unpaid overtime mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## COUNT 2 –VIOLATIONS OF M.GL. ch. 149 § 148A – UNLAWFUL RETALIATION
### (Both Plaintiffs v. Williams College)

19.     Plaintiffs incorporate their previous allegations by reference.

20.     Ms. Tool and Ms. Shippee engaged in protected activity by complaining to Williams College about payment practices they felt violated the Massachusetts Wage Act and the Fair Labor Standards Act.

21.     Williams College has retaliated against Ms. Tool and Ms. Shippee, in whole or in part, because they engaged in that protected activity.

22.     Ms. Tool and Ms. Shippee have been damaged as a result of Williams College's retaliatory conduct.

## COUNT 3 – 29 U.S.C. § 207 – UNPAID OVERTIME
### (Both Plaintiffs v. Williams College)

23.     Plaintiffs incorporate their previous allegations by reference.

24.     Williams College is an employer subject to the provisions of the Fair Labor Standards Act, including those requiring non-exempt employees to be paid overtime for all hours worked over 40 in a workweek.

25.     Williams College failed to compensate Plaintiffs for all hours worked in a workweek, including those worked beyond forty in a given workweek.

26.     Defendant's failure to comply with the Fair Labor Standards Act has caused Plaintiffs considerable damages and entitles them to compensation for those damages.

## COUNT 4 – BREACH OF CONTRACT
### (Both Plaintiffs v. Williams College)

27.     Plaintiffs reallege and incorporate by reference each of their previous allegations.

3

28.     Plaintiffs and Defendant were parties to an agreement pursuant to which Defendant promised to pay Plaintiffs for all hours worked in accordance with the law.

29.     Defendant breached this agreement by not compensating Plaintiffs for all hours worked.

30.     As a result of Defendant's violations of the law set forth above, Plaintiffs incurred damages in an amount to be determined at trial.

<u>COUNT 5 – UNJUST ENRICHMENT</u>

31.     Plaintiffs reallege and incorporate by reference each of their previous allegations.

32.     Plaintiffs conferred a measurable benefit upon Defendant through their work.

33.     Defendant accepted services from Plaintiffs for which a reasonable person would have expected to pay, and Plaintiffs provided their services with the reasonable expectation of receiving compensation from Defendant.

34.     It would be unjust for Defendant to retain the benefit of Plaintiffs' effort without compensation.

35.     As a result of Defendant's violations of the law set forth above, Plaintiffs incurred damages in an amount to be determined at trial.



## REQUEST FOR RELIEF

Wherefore, Plaintiffs Kristen Tool and Shana Shippee respectfully request this Court to enter an order granting them compensation to which they are entitled including, but not limited to, (1) a liquidated measure of the denied wages, (2) attorneys' fees, (3) interest, (4) costs, (5) emotional distress damages, and (6) punitive damages.

Respectfully submitted,

Benjamin Knox Steffans (BBO# 568535)
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
Attorney for Kristen Tool and Shana Shippee
July 27, 2018

**Benjamin Knox Steffans**
D: 413.347.4845
F: 413.418.4174
bsteffans@steffanslegal.com
Admitted in MA, NY, and MI



July 27, 2018

Via Hand Delivery
Berkshire County Superior Court
Filing Clerk – Civil Division
76 East Street
Pittsfield, MA 01201

Re:     Tool et al. v. Williams College – Case No.: 1876-cv-00116
        Filing of First Amended Complaint and Jury Demand

Dear Clerk:

Enclosed for filing is plaintiffs' First Amended Complaint and Jury Demand and a Civil Action Cover Sheet in the above-titled matter.  Leave of court is not required for this filing as no responsive pleading has been served in response to the original complaint.

Thank you for your attention to this matter.

Sincerely,

Benjamin Knox Steffans
Enclosures

## COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE

SUPERIOR COURT
Case No.: 1876-cv-00116

KRISTEN TOOL and SHANA SHIPPEE,

Plaintiffs,

v.

WILLIAMS COLLEGE,

Defendant.

### ACCEPTANCE OF SERVICE OF PROCESS

I, Daryl Lapp, Esq., counsel for Defendant Williams College, hereby accept service of the Summons, the Complaint and Jury Demand, the First Amended Complaint and Jury Demand, the Tracking Order, and the Civil Action Cover Sheets in the above-captioned matter on behalf of the Defendant.   I further acknowledge that I am authorized to accept service of these documents and in this fashion.

Daryl J. Lapp (BBO# 554980)
Locke Lord LLP
111 Huntington Avenue
9th Floor
Boston, MA 02199-7613
Attorney for Williams College
July 30, 2018

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

F I L E D

JUL 3 0 2018

F I L E D





# Commonwealth of Massachusetts

BERKSHIRE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1876CV00116

KRISTEN TOOL and
SHANA SHIREE _____, PLAINTIFF(S),

v.

WILLIAMS COLLEGE _____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO WILLIAMS COLLEGE _____. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the BERKSHIRE SUPERIOR Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, SUPERIOR Court, 76 EAST ST, PITTSFIELD, MA 01201 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: STEPHANS LEGAL, 7 NORTH ST SUITE 307, PITTSFIELD, MA 01201

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20_____. (SEAL)

Clerk-Magistrate

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____      Signature: _____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

**Vanita Mistry**
D: 413.418.4176 F: 413.418.4174
vmistry@steffanslegal.com



July 30, 2018

<u>Via Hand Delivery</u>
Berkshire County Superior Court
76 East Street,
Pittsfield, MA 01201

      Re:    Kristen Tool and Shana Shippee v. Williams College Children's Center
              Case No.: 1876-cv-00116
              Proof of Service Documents for Filing

Dear Clerk:

Enclosed for filing are a summons and Acceptance of Service Process for the above-captioned matter.

Sincerely,

Vanita Mistry
Enclosures

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE

| |
| --- |
| KRISTIN TOOL and SHANA SHIPPEE, |
| Plaintiffs |
| v. |
| WILLIAMS COLLEGE, |
| Defendant |

SUPERIOR COURT DEPARTMENT
CASE NO.: 1876-cv-00116

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Williams College hereby gives notice that, on August 16, 2018, this case was removed to the United States District Court for the District of Massachusetts, Springfield Division. A true and correct copy of the Notice of Removal is attached hereto as <u>Exhibit 1.</u>

WILLIAMS COLLEGE,

Daryl J. Lapp (BBO #554980)
daryl.lapp@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

August 20, 2018

BERKSHIRE S.S. SUPERIOR COURT

AUG 23 2018

FILED



**Certificate of Service**

I certify that on August 20, 2018, I served a true and correct copy of the foregoing on the following counsel for the Plaintiffs via first class U.S. Mail, postage prepaid:

Benjamin Knox Steffans
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201

Daryl J. Lapp

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kristin Tool and Shana Shippee | Williams College |

| **(b)** County of Residence of First Listed Plaintiff   Berkshire | County of Residence of First Listed Defendant   Berkshire |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Benjamin Knox Steffans | Daryl J. Lapp |
| Steffans Legal LLC, 7 North Street, Suite 307 | Locke Lord LLP, 111 Huntington Avenue |
| Pittsfield, MA  01201  (Tel.) 413.418.4176 | Boston, MA  02199 (Tel.)  617.239.0100 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ◻ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ◻ 2  U.S. Government Defendant
- ◻ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ☒ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane / ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 376 Qui Tam (31 USC 3729(a)) |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability / Product Liability | | | ◻ 400 State Reapportionment |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & / ◻ 367 Health Care/ | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' / Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ◻ 368 Asbestos Personal ◻ 340 Marine / Injury Product | | ◻ 835 Patent - Abbreviated New Drug Application | ◻ 460 Deportation ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 345 Marine Product / Liability Liability / **PERSONAL PROPERTY** | | ◻ 840 Trademark | ◻ 480 Consumer Credit |
| ◻ 160 Stockholders' Suits | ◻ 350 Motor Vehicle / ◻ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ◻ 490 Cable/Sat TV |
| ◻ 190 Other Contract | ◻ 355 Motor Vehicle / ◻ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ◻ 861 HIA (1395ff) | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 195 Contract Product Liability | Product Liability / ◻ 380 Other Personal ◻ 360 Other Personal / Property Damage | ◻ 720 Labor/Management Relations | ◻ 862 Black Lung (923) ◻ 863 DIWC/DIWW (405(g)) | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | Injury / ◻ 385 Property Damage ◻ 362 Personal Injury - / Product Liability | ◻ 740 Railway Labor Act | ◻ 864 SSID Title XVI | ◻ 891 Agricultural Acts |
| | Medical Malpractice | ◻ 751 Family and Medical Leave Act | ◻ 865 RSI (405(g)) | ◻ 893 Environmental Matters ◻ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ◻ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights / **Habeas Corpus:** | ◻ 791 Employee Retirement Income Security Act | ◻ 870 Taxes (U.S. Plaintiff or Defendant) | ◻ 896 Arbitration |
| ◻ 220 Foreclosure | ◻ 441 Voting / ◻ 463 Alien Detainee | | ◻ 871 IRS—Third Party 26 USC 7609 | ◻ 899 Administrative Procedure Act/Review or Appeal of |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment / ◻ 510 Motions to Vacate | | | Agency Decision |
| ◻ 240 Torts to Land | ◻ 443 Housing/ / Sentence | | | ◻ 950 Constitutionality of |
| ◻ 245 Tort Product Liability | Accommodations / ◻ 530 General | | | State Statutes |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - / ◻ 535 Death Penalty Employment / **Other:** | **IMMIGRATION** | | |
| | ◻ 446 Amer. w/Disabilities - / ◻ 540 Mandamus & Other Other / ◻ 550 Civil Rights | ◻ 462 Naturalization Application ◻ 465 Other Immigration | | |
| | ◻ 448 Education / ◻ 555 Prison Condition ◻ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ◻ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ◻ 3 Remanded from Appellate Court
- ◻ 4 Reinstated or Reopened
- ◻ 5 Transferred from Another District *(specify)*
- ◻ 6 Multidistrict Litigation - Transfer
- ◻ 8 Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*  29 U.S.C. 201 et seq. |
|---|---|
| | Brief description of cause:  Alleged unpaid wages under Fair Labor Standards Act and related causes of action |

| VII. REQUESTED IN COMPLAINT: | ◻ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes  ◻ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE  August 16, 2018 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Kristen Tool, et al. v. Williams College

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]    I.      410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓]    II.     110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   [ ]    III.    120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✓]

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]   NO [ ]

   A.    If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [✓]

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Daryl J. Lapp
ADDRESS  Locke Lord LLP, 111 Huntington Avenue, Boston, MA  02199
TELEPHONE NO. 617.239.0100

(CategoryForm6-2017.wpd )

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTIN TOOL and SHANA SHIPPEE, | |
| Plaintiffs | |
| v. | No. _____ |
| WILLIAMS COLLEGE, | |
| Defendant | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, Defendant Williams College removes this action from the

Superior Court for Berkshire County, Massachusetts to the United States District Court for the

District of Massachusetts, Springfield Division.  As grounds for removal, the College states as

follows:

1.      Plaintiffs Kristen Tool and Shana Shippee filed their original Complaint in this

action in the Superior Court for Berkshire County, Massachusetts, on May 2, 2018.  The original

Complaint, which provided no basis for removal to federal court, never was served.

2.      Plaintiffs filed and served an Amended Complaint on July 30, 2018.  In the

Amended Complaint, Plaintiffs allege claims for unpaid overtime compensation under the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Massachusetts Wage Act,

M.G.L. ch. 149 § 148, *et seq.*, as well as under common law theories of breach of contract and

unjust enrichment.  Plaintiffs further assert claims against the College for retaliation under the

Wage Act.  A civil action filed in state court may be removed to federal district court if at least

1

one of the claims asserted therein "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(a).

3.      Plaintiffs' claims for unpaid overtime compensation include a claim arising under federal law – namely, the FLSA. Accordingly, this Court has original jurisdiction over this matter and the College may remove it to this Court. 28 U.S.C. § 1441(a).

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §§ 1367(a). Plaintiffs' state law claims are all part of the same "case or controversy" as the FLSA claim – i.e., the claim that the College failed to pay Plaintiffs overtime compensation and then retaliated against Plaintiffs when they complained about the College's pay practices.

5.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because less than thirty (30) days have elapsed since the College received the Amended Complaint.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because this is the federal judicial district and division within which the state court action was filed.

7.      True and correct copies of all process, pleadings, and orders the College received in the state court action are attached as Exhibit A.

8.      In accordance with 28 U.S.C. § 1446(d), the College is filing a copy of this Notice of Removal with the Clerk of the Superior Court for Berkshire County, Massachusetts, and will promptly provide Plaintiffs with written notice of the filing of this Notice of Removal.

WILLIAMS COLLEGE,

*/s/ Daryl J. Lapp*

Daryl J. Lapp (BBO #554980)
daryl.lapp@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

August 16, 2018

### Certificate of Service

I certify that on August 16, 2018, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court of the United States District Court for the District of Massachusetts, Springfield Division, via the ECF e-filing System, and served a true and correct copy of the foregoing on the following counsel for the Plaintiffs via first class U.S. Mail, postage prepaid:

Benjamin Knox Steffans
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201

*/s/ Daryl J. Lapp*
Daryl J. Lapp

AM 69756959.2

3

# EXHIBIT A

# Commonwealth of Massachusetts

BERKSHIRE ss

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1876CV00116

KRISTEN TOOL and
SHANA SHIREE _____, PLAINTIFF(S),

v.

WILLIAMS COLLEGE _____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO WILLIAMS COLLEGE _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the BERKSHIRE SUPERIOR Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your signed original response with the Clerk's Office for Civil Business, SUPERIOR Court, 76 EAST ST, PITTSFIELD, MA 01201 (address), by mail or in person, **AND**

    b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: STEFANS LEGAL, 1 NORTH ST SUITE 307, PITTSFIELD, MA 01201

    **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____    Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1876CV00116 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S)    KRISTEN ROOT, SHANA SHIPPEE

COUNTY    Berkshire

ADDRESS:

KRISTEN ROOT - 50 OLSEN ROAD, LANESBOROUGH, MASSACHUSETTS 01237

SHANA SHIPPEE - 212 CHURCH STREET, NORTH ADAMS, MASSACHUSETTS 01247

DEFENDANT(S)    WILLIAMS COLLEGE

ATTORNEY    BENJAMIN R. STEFFANS

ADDRESS:    STEFFANS LEGAL

7 NORTH STREET, SUITE 307

PITTSFIELD, MASSACHUSETTS 01201

ADDRESS:    880 MAIN STREET, HOPKINS 3RD FLOOR

WILLIAMSTOWN, MASSACHUSETTS 01267

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| H99 | UNPAID WAGES, RETALIATION | F | ☒ YES    ☐ NO |

*If "Other" please describe.

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date
1. Total hospital expenses ............................................................... $
2. Total doctor expenses ................................................................ $
3. Total chiropractic expenses ........................................................ $
4. Total physical therapy expenses .................................................. $
5. Total other expenses (describe below) ......................................... $

Subtotal (A): $

B. Documented lost wages and compensation to date ......................... $    75000
C. Documented property damages to date .......................................... $
D. Reasonably anticipated future medical and hospital expenses ......... $    125000
E. Reasonably anticipated lost wages .............................................. $    125000
F. Other documented items of damages (describe below) ................... $

emotional distress associated with retaliation

G. Briefly describe plaintiff's injury, including the nature and extent of injury

TOTAL (A-F):$    325000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 7/22/18

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution

Signature of Attorney of Record: X _____    Date: 7/22/18

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | |
|---|---|
| AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A08 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incorporated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (F) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incorporated Party †**

| | |
|---|---|
| PA1 Contract Action Involving an Incorporated Party | (A) |
| PB1 Tortious Action Involving an Incorporated Party | (A) |
| PC1 Real Property Action involving an Incorporated Party | (F) |
| PD1 Equity Action Involving an Incorporated Party | (F) |
| PE1 Administrative Action Involving an Incorporated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (F) |
| B99 Other Tortious Action | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93 §8 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c. 12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c.265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE

SUPERIOR COURT DEPARTMENT
CASE NO.: 1876-cv-00116

KRISTEN TOOL AND SHANA
SHIPPEE,

         Plaintiffs,

   v.

WILLIAMS COLLEGE,

         Defendant

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Kristen Tool and Shana Shippee (collectively, "Plaintiffs") bring this complaint against

Williams College for violations of the Massachusetts Wage Act and the Fair Labor Standards Act.

### PARTIES

1.    Kristen Tool is a Massachusetts resident residing at 50 Olsen Road, Lanesborough,

Massachusetts, 01237.

2.    Shana Shippee is a Massachusetts resident residing at 212 Church Street, North

Adams, Massachusetts, 01247.

3.    Williams College is a Massachusetts college with a principal place of business located

at 880 Main Street, Hopkins 3rd Floor, Williamstown, Massachusetts, 01267.

### FACTS

4.    Williams College owns and operates the Williams College Children's Center located

at 44 Whitman Street, Williamstown, Massachusetts, 01267.

5.    During all relevant times, Kristen Tool and Shana Shippee have worked at the

Williams College Children's Center.

6.     Prior to December 2016, Williams College misclassified Ms. Tool and Ms. Shippee as exempt from state and federal laws requiring employers to pay overtime.

7.     During that period, Ms. Tool and Ms. Shippee worked in excess of 40 hours in a workweek and were not compensated for that time.

8.     In or around December 2016, Williams College re-classified Ms. Tool and Ms. Shippee as non-exempt employees.

9.     Since being reclassified as non-exempt, Ms. Tool and Ms. Shippee have not been paid for all hours worked

10.     During the course of her employment, Ms. Tool has complained to Williams College about its unlawful payment practices, including the failure to pay for all hours worked.

11.     Williams College has retaliated against Ms. Tool, in whole or in part, due to that protected activity.

12.     During the course of her employment, Ms. Shippee has complained to Williams College about its unlawful payment practices, including the failure to pay for all hours worked.

13.     Williams College has retaliated against Ms. Shippee, in whole or in part, due to that protected activity.

### COUNT I: VIOLATIONS OF M.G.L. ch. 149 § 148 – UNPAID WAGES
(Both Plaintiffs v. Williams College)

14.     Plaintiffs incorporate their previous allegations by reference.

15.     Defendant was an "employer" of Plaintiffs within the meaning of the Massachusetts Wage Act ("MWA")

16.     Defendant failed to pay Plaintiffs for all hours worked in violation of the MWA, including those worked over 40 in a workweek.

17.     Defendant's failure to pay Plaintiffs for all hours worked violated the MWA.

18.     Due to the Defendant's violation of the MWA, Plaintiffs have incurred harm and

loss and are entitled to recover from Defendant unpaid overtime mandatorily trebled, reasonable

attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## COUNT 2: VIOLATIONS OF M.G.L. ch. 149 § 148A – UNLAWFUL RETALIATION
### (Both Plaintiffs v. Williams College)

19.     Plaintiffs incorporate their previous allegations by reference.

20.     Ms. Tool and Ms. Shippee engaged in protected activity by complaining to Williams

College about payment practices they felt violated the Massachusetts Wage Act and the Fair Labor

Standards Act.

21.     Williams College has retaliated against Ms. Tool and Ms. Shippee, in whole or in

part, because they engaged in that protected activity.

22.     Ms. Tool and Ms. Shippee have been damaged as a result of Williams College's

retaliatory conduct.

## COUNT 3: 29 U.S.C. § 207 – UNPAID OVERTIME
### (Both Plaintiffs v. Williams College)

23.     Plaintiffs incorporate their previous allegations by reference.

24.     Williams College is an employer subject to the provisions of the Fair Labor

Standards Act, including those requiring non-exempt employees to be paid overtime for all hours

worked over 40 in a workweek.

25.     Williams College failed to compensate Plaintiffs for all hours worked in a workweek,

including those worked beyond forty in a given workweek.

26.     Defendant's failure to comply with the Fair Labor Standards Act has caused

Plaintiffs considerable damages and entitles them to compensation for those damages.

## COUNT 4 – BREACH OF CONTRACT
### (Both Plaintiffs v. Williams College)

27.     Plaintiffs reallege and incorporate by reference each of their previous allegations.

28.     Plaintiffs and Defendant were parties to an agreement pursuant to which Defendant promised to pay Plaintiffs for all hours worked in accordance with the law.

29.     Defendant breached this agreement by not compensating Plaintiffs for all hours worked.

30.     As a result of Defendant's violations of the law set forth above, Plaintiffs incurred damages in an amount to be determined at trial.

### COUNT 5 - UNJUST ENRICHMENT

31.     Plaintiffs reallege and incorporate by reference each of their previous allegations.

32.     Plaintiffs conferred a measurable benefit upon Defendant through their work.

33.     Defendant accepted services from Plaintiffs for which a reasonable person would have expected to pay, and Plaintiffs provided their services with the reasonable expectation of receiving compensation from Defendant.

34.     It would be unjust for Defendant to retain the benefit of Plaintiffs' effort without compensation.

35.     As a result of Defendant's violations of the law set forth above, Plaintiffs incurred damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

Wherefore, Plaintiffs Kristen Tool and Shana Shippee respectfully request this Court to enter an order granting them compensation to which they are entitled including, but not limited to, (1) a liquidated measure of the denied wages, (2) attorneys' fees, (3) interest, (4) costs, (5) emotional distress damages, and (6) punitive damages.

Respectfully submitted,

Benjamin Knox Steffans (BBO# 568535)
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
Attorney for Kristen Tool and Shana Shippee
July 27, 2018

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1876CV00116 | Trial Court of Massachusetts<br>The Superior Court  |

CASE NAME
Kristen Tool et al vs. Williams College

TO  Benjamin K Steffans, Esq.
Steffans Legal PLLC
7 North St
Suite 307
Pittsfield, MA 01201

Deborah S. Capeless, Clerk of Courts

COURT NAME & ADDRESS
Berkshire County Superior Court
76 East Street
Pittsfield, MA 01201

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing
Order 1-88. The order requires that the various stages of litigation described below must be completed not later
than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
| --- | --- | --- | --- |
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 07/31/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 08/30/2018 | |
| All motions under MRCP 12, 19, and 20 | 08/30/2018 | 10/01/2018 | 10/29/2018 |
| All motions under MRCP 15 | 08/30/2018 | 10/01/2018 | 10/29/2018 |
| All discovery requests and depositions served and non-expert<br>depositions completed | 02/26/2019 | | |
| All motions under MRCP 56 | 03/28/2019 | 04/29/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/26/2019 |
| Case shall be resolved and judgment shall issue by | | | 05/01/2020 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED<br>05/03/2018 | ASSISTANT CLERK | | PHONE |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Kristen Tool, Shana Shippee | COUNTY | Berkshire |
|---|---|---|---|

ADDRESS:

Kristen Tool - 80 Olsen Road, Lanesborough, Massachusetts, 01237

Shana Shippee - 212 Church Street, North Adams, Massachusetts, 01247

| DEFENDANT(S): | Williams College |
|---|---|

| ATTORNEY: | Benjamin K. Steffans |
|---|---|

| ADDRESS: | Steffans Legal | ADDRESS: | 880 Main Street, Hopkins 3rd Floor, Williamstown, Massachusetts, 0126 |
|---|---|---|---|

7 North St Suite 307, Pittsfield, MA 01201

BBO:     568638

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Unpaid Wages, Retaliation | F | ☒ YES   ☐ NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $ _____
2. Total doctor expenses ................................................................ $ _____
3. Total chiropractic expenses ........................................................ $ _____
4. Total physical therapy expenses .................................................. $ _____
5. Total other expenses (describe below) ......................................... $ _____
                                                               Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................................... $ 75000
C. Documented property damages to dated .......................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ........................................... $ _____
E. Reasonably anticipated lost wages ................................................................................... $ 26000
F. Other documented items of damages (describe below) ..................................................... $ 25000

Emotional distress associated with retaliation.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ 126000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _Ben K Steffans_          Date: 5/2/18

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Ben K Steffans_          Date: 5/2/18

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality. \***

AA1 Contract Action Involving Commonwealth,
   Municipality, MBTA, etc. (A)
AB1 Tortious Action Involving Commonwealth,
   Municipality, MBTA, etc. (A)
AC1 Real Property Action Involving
   Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action Involving Commonwealth,
   Municipality, MBTA, etc. (A)
AE1 Administrative Action Involving
   Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
   Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
   Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
   Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
   Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
   Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action Involving an
   Incarcerated Party (A)
PB1 Tortious Action Involving an
   Incarcerated Party (A)
PC1 Real Property Action Involving an
   Incarcerated Party (F)
PD1 Equity Action Involving an
   Incarcerated Party (F)
PE1 Administrative Action Involving an
   Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
   Injury/Property Damage (F)
B04 Other Negligence - Personal
   Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
   G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149
   §§29, 29A (A)
E10 Summary Process Appeal (A)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court
   Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c.265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
   G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE

SUPERIOR COURT DEPARTMENT
CASE NO.:

KRISTEN TOOL AND SHANA
SHIPPEE,

Plaintiffs,

v.

WILLIAMS COLLEGE,

Defendant.

## COMPLAINT AND JURY DEMAND

Kristen Tool and Shana Shippee (collectively, "Plaintiffs") bring this complaint against
Williams College for violations of the Massachusetts Wage Act, including failure to pay wages and
improperly eliminating leave time.

## PARTIES

1.      Kristen Tool is a Massachusetts resident residing at 50 Olsen Road, Lanesborough,
Massachusetts, 01237.

2.      Shana Shippee is a Massachusetts resident residing at 212 Church Street, North
Adams, Massachusetts, 01247.

3.      Williams College is a Massachusetts college with a principal place of business located
at 880 Main Street, Hopkins 3rd Floor, Williamstown, Massachusetts, 01267.

## FACTS

4.      Williams College owns and operates the Williams College Children's Center located
at 44 Whitman Street, Williamstown, Massachusetts, 01267.

1

5.      During all relevant times, Kristen Tool and Shana Shippee have worked at the Williams College Children's Center.

6.      Prior to 2016, Williams College misclassified Ms. Tool and Ms. Shippee as exempt from state and federal laws requiring employers to pay overtime.

7.      During that period, Ms. Tool and Ms. Shippee worked in excess of 40 hours in a workweek and were not compensated for that time.

8.      In or around December 2016, Williams College re-classified Ms. Tool and Ms. Shippee as non-exempt employees.

9.      At that same time, Ms. Tool and Ms. Shippee had accrued the right to leave time, which Williams College eliminated without notice.

10.     Since being reclassified as non-exempt, Ms. Tool and Ms. Shippee have not been paid for all hours worked, having to work considerable hours off the clock, but with Williams College's knowledge, to, among other things, meet performance standards and deadlines.

11.     During the course of her employment, Ms. Tool has complained to Williams College about its unlawful payment practices.

12.     Williams College has retaliated against Ms. Tool, in whole or in part, due to that protected activity.

## COUNT 1- VIOLATIONS OF MASSACHUSETTS WAGE ACT – UNPAID WAGES
### (Both Plaintiffs v. Williams College)

13.     Plaintiffs incorporate their previous allegations by reference.

14.     Defendant was an "employer" of Plaintiffs within the meaning of the Massachusetts Wage Act ("MWA").

15.     Defendant failed to pay Plaintiffs for all hours worked in violation of the MWA, including those in excess of forty in a workweek.

16.     Defendant's failure to pay Plaintiffs for all hours violated the MWA.

2

17.     Due to the Defendant's violation of the MWA, Plaintiffs have incurred harm and loss and are entitled to recover from Defendant unpaid overtime mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post judgment interest.

### COUNT 2 – MASSACHUSETTS WAGE ACT – RETALIATION
(Ms. Tool v. Williams College)

18.     Plaintiffs incorporate their previous allegations by reference.

19.     Ms. Tool engaged in protected activity by complaining to Williams College about payment practices she felt violated the Massachusetts Wage Act.

20.     Williams College has retaliated against Ms. Tool, in whole or in part, because she engaged in that protected activity.

21.     Ms. Tool has been damaged as a result of Williams College's retaliatory conduct.

### REQUEST FOR RELIEF

Wherefore, Plaintiffs Kristen Tool and Shana Shippee respectfully request this Court to enter an order granting them compensation to which they are entitled including, but not limited to, (1) a triple measure of denied wages, (2) attorneys' fees, (3) interest, (4) costs, (5) emotional distress damages, and (6) punitive damages.

Respectfully submitted,

Benjamin Knox Steffans (BBO# 568535)
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
Attorney for Kristen Tool and Shana Shippee
May 2, 2018



Locke Lord
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-239-0100
Fax: 617-227-4420
www.lockelord.com

Daryl J. Lapp
Partner
Direct Telephone: 617-239-0174
Direct Fax: 866-955-8813
daryl.lapp@lockelord.com

August 20, 2018

Clerk's Office
Berkshire County Superior Court
76 East Street
Pittsfield, MA 01201

Re:     Kristin Tool and Shana Shippee v. Williams College
        Superior Court Case No.: 1876-cv-00116

Dear Sir/Madam:

In connection with the above captioned matter, enclosed for filing you will find Notice of Defendant's Federal Court Notice of Removal.

Please provide certified copies of the pleadings and other documents on file so that I may forward them to the United States District Court.

We will reimburse the Court for its reasonable charges in connection with this request.

Very truly yours,

Daryl J. Lapp

DJL/sxs

Enclosures

AM 69817594.1

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles
Miami | New Orleans | New York | Princeton | Providence | San Francisco | Stamford | Washington DC | West Palm Beach